RISSMILLER PLLC
EMPLOYMENT LAW FIRM

5 PENNSYLVANIA PLAZA, 19TH FLOOR
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Alex Rissmiller**
arissmiller@rissmiller.com

October 20, 2026

**BY ECF**

The Honorable John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

The request is granted. By October 30, 2026, Plaintiff shall file a stipulation of dismissal, an amended complaint, or a letter updating the Court on the status of its discussions with Defendants. The Clerk of Court is respectfully directed to close the motion pending at Docket Number 30.
SO ORDERD.
October 21, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

Re: Gutierrez Garcia v. Manhattan LW Hotel Associates, L.P., et al.; No. 1:26-cv-05678-JPC

Dear Judge Cronan:

We write on behalf of Plaintiff Sebastian Gutierrez Garcia ("Gutierrez") to request a 10-day extension, from October 20 to October 30, 2026, of (1) his deadline to file an amended complaint, set at the October 6, 2026 initial pretrial conference, and (2) the parties' deadline to complete Rule 26(a)(1) initial disclosures (ECF No. 28 ¶ 5). This is the first request to extend either deadline. The only earlier requests in this action, to extend the time for Defendants Manhattan LW Hotel Associates, L.P. ("Manhattan LW") and Brian Lucas to answer, were granted (ECF Nos. 13, 21). Defendants consent to this request.

The extension is needed because Defendants' recent disclosures about the hotel's ownership and management bear directly on this Court's jurisdiction. Gutierrez, a citizen of Colombia, invoked the Court's alienage jurisdiction under 28 U.S.C. § 1332(a)(2). Compl. ¶¶ 5, 8 (ECF No. 1). On October 6, counsel for Manhattan LW identified a non-party, LodgeWorks Partners, L.P. ("LodgeWorks"), as the hotel's manager and the employer of its staff not employed by Defendant LFH Hospitality Inc. On October 7, she identified LodgeWorks's partners and their citizenship, and on the evening of October 15 she produced the lease, management, and staffing agreements that govern the hotel's operation. Those materials, Manhattan LW's Rule 7.1 statement (ECF No. 22), and public records indicate that each entity that owns, leases, or manages the hotel has partners or members, directly or through other entities, who are citizens of Germany. Defendant Anna Bykova's Rule 7.1 statement identifies her as a citizen of Ukraine. ECF No. 14 at 2. If those citizenships hold, aliens would be on both sides of this case as it now stands, and § 1332(a)(2) would not supply jurisdiction unless Manhattan LW and Bykova are dropped.

Because the hotel-side entities are central to Gutierrez's claims, he is evaluating whether to proceed in this Court against fewer defendants or to dismiss this action without prejudice and refile in New York State Supreme Court against all of the parties he contends are responsible. We have asked Defendants whether they would stipulate to dismissal without prejudice under Rule 41(a)(1)(A)(ii), and we need a short period to confer with him about that decision and to complete those discussions. If this request is granted, Gutierrez will file by October 30 a

stipulation of dismissal, an amended complaint, or a letter updating the Court. If the case proceeds here, he will confer with Defendants and propose any needed changes to the remaining deadlines in the Case Management Plan.

We apologize for not making this request two business days before the deadline, as Your Honor's Individual Rules require absent compelling circumstances. The agreements arrived on the evening of Thursday, October 15, one business day before a timely request was due, and we needed the intervening days to analyze them and the related ownership records.

Thank you for your consideration.

Respectfully submitted,

*/s/ Alex Rissmiller*
Alex Rissmiller

cc: Counsel of record (via ECF)